# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6337 | **DATE** | 4/29/2013 |
| **CASE TITLE** | *Russ, et al. v. South Water Market, Inc., et al.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the plaintiffs' motion in limine asking the court to recognize defendants' judicial admissions and to bar all evidence seeking to contradict such admissions [111-1] is granted in part and denied in part.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

    Plaintiffs have filed a motion in limine asking the court to recognize defendants' judicial admissions and to bar all evidence seeking to contradict such admissions. For the reasons stated below, the motion is granted in part and denied in part.

    Defendants have admitted: "at all relevant times through at least April 30, 2010, [SWM] was a party to successive collective bargaining agreements . . . which obligate [SWM] to make monthly contributions on behalf of all of its employees covered by [those] [a]greement[s]." Defendants' motion to amend the answer to change this admission has been previously denied. Defendants also admitted: "[f]or periods after the expiration of the [collective bargaining] [a]greement [effective through at least April 30, 2010], [SWM] has an obligation to continue to contribute to the Funds."

    By their answers to plaintiffs' complaint, defendants have established that they are bound to pay for contributions as well as any other costs, etc. allowed by the collective bargaining agreements to which they have admitted they were a party, *i.e.* the agreement ending in April 2007 and the successive agreements through April 30, 2010. Defendants have also admitted that they have an obligation to continue to pay contributions from April 30, 2010 to the present, although not necessarily to be bound by all of the other terms of the collective bargaining agreements prior to April 30, 2010.

    Testimony (from South Water Market Inc. attorney Michael Abramson and Pres. William Steinbarth) to the effect that the company's most recent collective bargaining agreement requiring contributions to the funds is an agreement that expired April 30, 2007 should likely be barred if it is being offered to prove that there were no successive collective bargaining agreements between the parties. If, however, evidence of the collective bargaining agreement that expired on April 30, 2007 is being offered as proof of the terms of the successive collective bargaining agreements that defendants have admitted they are bound by, such evidence

**STATEMENT**

would be admissible. The allegations to which defendants have admitted do not define the term "successive collective bargaining agreements" as the Memorandum of Agreement or otherwise specify what the terms of the successive collective bargaining agreements were. Thus, defendants' judicial admissions do not preclude evidence regarding the terms of the successive agreements they have admitted they are bound by. Plaintiffs contend that the Memorandum of Agreement (with its requirement of contributions for two warehouse/driver workers) supplies the answer to this question. Defendants disagree. Apparently, they contend that the terms of the successive collective bargaining agreements they have admitted to are the same as the terms of the collective bargaining agreement of 2004-2007. None of this would be an issue, of course, if plaintiffs had simply attached a copies of the successive collective bargaining agreements to their complaint. Indeed, when alleging a breach of contract it is often the practice to attach a copy of the contract to the complaint.

In short, there remains to be resolved the issue of what contributions were due through April 30, 2010 (*i.e.* the terms of the successive collective bargaining agreements to which defendants have admitted they were a party), as well as what other penalties or damages, if any, are due under the successive collective bargaining agreements through April 30, 2010.

Also remaining is the issue of the measure of the contributions that were due after April 30, 2010 pursuant to Defendants' admission that after the expiration of the agreement on April 30, 2010, they still had an obligation to continue to contribute to the funds. Defendants may not argue that they are not liable to the funds for contributions after the expiration of the collective bargaining agreement on April 30, 2010, but each party may argue what amounts were due under this continuing obligation to contribute. Of course, it would seem most reasonable to assume that contributions would be at the same rate that was being paid before the expiration of the agreement, but defendants can present any contrary evidence that they have - so long as this is done in good faith. Defendants can also continue to argue that they are not liable for liquidated damages and interest for periods following the April 30, 2010 expiration of the agreements. All they admitted was that for those periods they had an obligation to continue to contribute to the funds. This does not necessarily constitute an admission that they had an obligation to conform to all of the other provisions of the expired collective-bargaining agreement.